## Davidson, Appellant, *v.* McCaslin.

*Deed—Gift to church—Will—Evidence.*

On a bill in equity by the heirs of a decedent to cancel a deed made by the decedent in his lifetime to a clergyman in trust for a church, it appeared that thirteen years after the deed was made, although the decedent had forgotten the fact of its being made, he was still desirous of doing practically the same thing. There was no power of revocation in the deed, and it was made without advice of counsel. There was no evidence that it had been executed under any undue influence. It reserved a life estate to the grantor. Shortly before his death he made a will leaving the land covered by the deed to another charity. Shortly afterwards, however, he destroyed this will after he had been informed of the deed which he had made many years before. *Held*, that there was no error in dismissing the bill.

Argued Oct. 28, 1907. Appeal, No. 62, Oct. T., 1906, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1904, No. 789, dismissing bill in equity in case of Martha Davidson v. Rev. Charles McCaslin et al. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to cancel a deed. Before SHAFER, J.

The court found the facts to be as follows:

At the time this deed was executed Hugh Davidson was about sixty-eight years old. The paper was executed in the city of Pittsburg at the office of the Methodist Society, two of

whose officers are witnesses to the deed. The deed contains no clause of revocation, and was made without legal advice on the part of Davidson. No undue influence was used by McCaslin or any beneficiary under the deed to procure its execution. The deed was given to McCaslin, who put it on record February 18, 1890. Within a year or two after the making of this deed McCaslin ceased to be the pastor of that church, and has had no communication with Davidson so far as appears, and is now located in the west.

Some time after the time of this deed, as we remember the evidence, Davidson cut timber partly off each of the pieces described in the deed to the value of about $400 and sold the same and applied the proceeds to payment for the parsonage building, and on April 15, 1890, he made a deed in fee to the trustees of the two Methodist Episcopal Churches above mentioned for about eight acres of the land, being the part on which the parsonage building was erected. This deed contained no reservation of a life estate, and was recorded January 21, 1905. Davidson appears, however, to have occupied the whole tract, including the parsonage, up to the time of his death, and at the time of his death the old house in which he had formerly lived upon the place was occupied by a tenant whose lease did not expire until some time after Davidson's death. Davidson himself lived with his sister, Martha Davidson, one of the plaintiffs, in the parsonage building.

There is evidence of two or three witnesses that within a couple of years of his death he used expressions which would indicate that he did not know or remember that he had made any deed for his property. About a year before his death, being then about eighty-one years old, he sent for a justice of the peace of the neighborhood to write a will for him, and, in accordance with his instructions, a will was drawn up in which he directed his executors to sell his real estate consisting of 120 acres, more or less, and gave all the proceeds to the Board of Church Extension of the Methodist Episcopal Church to be used as a loan fund by said Board of Church Extension. The justice thereupon went out to procure witnesses to the will and heard among the neighbors a report that Mr. Davidson had made a deed of his property to the church in some way. He told Mr. Davidson of what he had heard, and Davidson

did not seem to recall that he had made such a deed, but employed the justice to go to Pittsburg to the recorder's office to see if such a deed was on record. The justice came to the recorder's office and took a copy of the deed which is in question in this case, and returned and showed it to Mr. Davidson, who expressed some dissatisfaction with its terms, but what he said in regard to it the justice could not remember. Davidson thereupon destroyed the will which had been executed a day or two before.

*Error assigned* was decree dismissing the bill.

*J. McF. Carpenter*, with him *Geo. N. Chalfant* and *W. M. McJunkin*, for appellants.

*Harvey Henderson*, for appellees.

PER CURIAM, November 11, 1907.:

The learned judge below in his conclusions found : " The real question in the present case is whether or not the deed itself is void as made without consideration, and under such circumstances as to throw the burden of proving its validity upon the defendants. We have no hesitation in saying that if Davidson himself had in his lifetime attacked the deed for the reason that it contained no power of revocation, and was made without counsel or advice, he would have presented a very strong case. But the uncontradicted evidence is that thirteen years after the deed was made, although he had forgotten the fact of its being made, he was still desirous of doing practically the same thing. . . . We consider the fact that the grantor in the deed carried in his mind up to shortly before his death the intention of giving the bulk of his property to the Church Extension Society, and all of it which was not given to the local church for parsonage purposes, long after he ceased to have any communication with Mr. McCaslin, the trustee, his pastor, to be cogent evidence that the deed at the time it was made was not made under any undue influence on the part of McCaslin, but was the free and voluntary act of the grantor, and was calculated to carry out his actual intention ; that after the lapse of thirteen years, and after having

made a deed in fee without the reservation of a life estate to the church for a parsonage, he should then have desired to give all the remainder of his farm to the Church Extension Society instead of the ninety-five acres described in the deed, does not affect his general purpose."

On this convincing summary of the case the decree is affirmed.